UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYSON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:     13-0476** |
| **ST. TAMMANY PARISH SHERIFF'S OFFICE, ET AL.** | **SECTION: "F" (4)** |

### REPORT AND RECOMMENDATION

This motion was referred to the undersigned United States Magistrate Judge pursuant for the submission of the Proposed Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1). Specifically before the Court is Defendant, St. Tammany Parish Sheriff's Office's, ("St. Tammany") **Motion to Dismiss (R. Doc. 8)**, seeking an Order from this Court dismissing all claims brought against it by Plaintiff, Plaintiff, Bryson Johnson, ("Johnson"). The motion, which is unopposed, was heard on the briefs on May 29, 2013.

**I.      Factual Summary**

On March 13, 2013, the Plaintiff, Bryson Johnson, ("Johnson") filed a Complaint against the St. Tammany Parish Sheriff's Office, ("St. Tammany") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Thirteenth Amendment of the United States Constitution, and La. Rev. Stat. Ann. § 23:332.  *See* (R. Doc. 1, pp. 1-2).  On May 7, 2013, St. Tammany moved to dismiss Johnson's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that St. Tammany was improperly named and lacks the capacity to be sued under Louisiana law.

(R. Doc. 8-2, p. 2) (citations omitted).

On May 13, 2013, Johnson moved to amend his Complaint by, *inter alia*, substituting Sheriff Rodney Strain, ("Strain") in the place of St. Tammany "in all places where it is named throughout the entire complaint." (R. Doc. 10-1, p. 1). St. Tammany failed to oppose Johnson's motion; the Court, while noting the presence of several ambiguities in Johnson's proposed amended complaint, nonetheless granted leave to amend due to the fact that the incongruities "must be read in the context of the permissive procedural mechanism from which they arise." (R. Doc. 11, p. 4). Because Johnson satisfied all of the Rule 15(a) factors appropriate to consider in the context of a motion for leave to amend a Complaint, and because Johnson's proposed Amended Complaint was unopposed, it was granted. (R. Doc. 11).

However, the language of Johnson's Amended Complaint is somewhat ambiguous. For example, in the paragraph in which he names the defendants in this case, Johnson states that Strain and the other new defendants are "additional" defendants. (R. Doc. 12, p. 1). Johnson also alleges that Strain and the other individual defendants were "acting within the course and scope of their employment with the St. Tammany Sheriff's Office." *Id.* at 3. Johnson also requests that St. Tammany, as well as the new defendants, be served with the new petition. *Id.* at 7. As of the date of this Report and Recommendation, St. Tammany has not in fact been served with a copy of the new petition.

**II.   Standard of Review**

Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Here, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Nevertheless, "[w]e must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Elesensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).

### III.   Analysis

In support of its motion, St. Tammany argues that it was improperly named, as it lacks capacity to be sued under applicable law. (R. Doc. 8-2, p. 2). As noted above, Johnson has failed to file any opposition to St. Tammany's contention.

"The capacity of an entity to sue or be sued shall be determined by the law of the state in which the district court is held." Rule 17(b); *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (quoting Rule 17(b)). Under Louisiana law, "[i]t is well settled . . . that a Sheriff's Department is not a legal entity capable of being sued." *Valentine v. Bonneville Insurance Co.*, 691 So.2d 665, 668 (La. 1997); *Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686 & n.2 (5th Cir. 2012) (citing *Valentine* in context of an action brought under 42 U.S.C. § 1983); *Cuasey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 904 (E.D. La. 2001) (same).

Here, the law in Louisiana clearly shows that St. Tammany is not an entity which has the capacity to be sued. Moreover, the Court notes that Johnson never opposed St. Tammany's Motion to Dismiss, but in fact filed an amended complaint which, ostensibly, sought to substitute Sheriff Strain for St. Tammany in all occurrences. For these reasons, the Court finds that to the degree St. Tammany remains a "defendant" in this case pursuant to semantic oversights in Johnson's

Complaint, the instant Motion to Dismiss effectively corrects those prior oversights, and should be granted.

**IV.    Recommendation**

Accordingly,

It is **RECOMMENDED** that the **Motion to Dismiss (R. Doc. 8)** brought by Defendant, St. Tammany Parish Sheriff's Office, be **GRANTED**, and that all claims brought by Plaintiff, Bryson Johnson, against the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of June 2013

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**