UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYSON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:     13-0476** |
| **ST. TAMMANY PARISH SHERIFF'S OFFICE** | **SECTION: "F" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit Proposed Findings and Recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B)** and **(C)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without conducting an Evidentiary Hearing.

**I.    Factual Summary**

On March 13, 2013, the Plaintiff, Bryson Johnson, ("Johnson") filed a Complaint against the St. Tammany Parish Sheriff's Office, ("St. Tammany") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Thirteenth Amendment of the United States Constitution, and La. Rev. Stat. Ann. § 23:332. *See* R. Doc. 1, pp. 1-2.

On May 7, 2013, St. Tammany moved to dismiss Johnson's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that St. Tammany was improperly named and lacks the capacity to be sued under Louisiana law. *See* R. Doc. 8-2, p. 2 (citations omitted).

On May 13, 2013, Johnson moved to amend his Complaint by, inter alia, substituting Sheriff Rodney Strain, ("Strain") in the place of St. Tammany "in all places where it is named throughout the entire complaint." *See* R. Doc. 10-1, p. 1. St. Tammany failed to oppose Johnson's motion; the Court, while noting the presence of several ambiguities in Johnson's proposed amended complaint, nonetheless granted leave to amend due to the fact that the incongruities "must be read in the context of the permissive procedural mechanism from which they arise." *See* R. Doc. 11, p. 4.

As such, Johnson's amended complaint asserted claims against the St. Tammany Parish Sheriff's Office, Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Major Donald Sharp, Captain Brad Hassert, Captain Chuck Smith, Lieutenant Michael Fisher, Lieutenant Terry Cederholm, Lieutenant Lloyd LeBlanc, Lieutenant Randy Smith, Sergeant Lenny Thompson, Sergeant Mike Dauth, Sergeant Calvin Lewis, St. Tammany Parish, and an unidentified party, XYZ Insurance Company. *See* R. Doc. 12, p. 1-3.

On June 21, 2013, the undersigned issued a Report and Recommendation that Defendant, St. Tammany Parish Sheriff's Office's Motion to Dismiss pursuant to Rule 12(b)(6) (R. Doc. 8) should be granted, and that all claims against it should be dismissed with prejudice. *See* R. Doc. 25, p. 3-4.

In the interim, on July 8, 2013, Johnson entered a "Notice of Voluntary Dismissal of Certain Parties" (R. Doc. 29) dismissing without prejudice the following Defendants: "Major Donald Sharp, Captain Brad Hassert, Lieutenant Michael Fisher, Lieutenant Randy Smith, Lieutenant Terry Cedarholm, Lieutenant Lloyd LeBlanc, Sergeant Lenny Thompson, Sergeant Mike Dauth, and Sergeant Calvin Lewis." *Id.* Shortly thereafter, on July 16, 2013, Johnson again entered a "Notice of Voluntary Dismissal Without Prejudice," as to Defendant, St. Tammany Parish. *See* (R. Doc. 30).

On July 18, 2013, the presiding District Judge adopted the undersigned's Report and Recommendation, dismissing the Defendant, St. Tammany Parish Sheriff's office, with prejudice from the instant action. *See* R. Docs. 31, 32. Therefore, the only remaining Defendants in the instant action was Chuck Smith, Rodney J. Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, and an unidentified party, XYZ Insurance Company.

Thereafter, on September 4, 2013, the undersigned issued its first Show Cause Order to Johnson, ordering him to "SHOW CAUSE on or before September 18, 2013, why his claims should not be dismissed for the plaintiffs failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *See* R. Doc. 34. Plaintiff failed to timely respond.[1] Thereafter on October 10, 2013, this Court issued a second Order to Show Cause for the reasons stated above. *See* R. Doc. 37. However, Johnson and his counsel of record, Evan Williams, failed to respond.[2]

The law firm of Gauthier, Houghtaling & Williams ("GHW") received notice of these Orders to Show Cause and advised the Court that it would not be representing Johnson, but due to procedural filing requirements, it formally could not file a pleading into the record, as doing so would require it to formally enroll in this matter.

Therefore, on November 5, 2013, this Court issued an Order to the law firm of GHW to produce the last known physical address, mailing address, email address, and telephone number of

---

[1] Plaintiff contacted the undersigned's chambers and acknowledged the issuance and receipt of the September 4, 2013, Show Cause Order, and requested guidance, but was appropriately advised that the Judge's Chambers could not provide legal advice.

[2] Evan Williams was also separately ordered to Show Cause as to why he should not be held in contempt for failing to withdraw from this matter. He contacted the undersigned's chambers on December 23, 2013 and on January 15, 2014, acknowledging receipt of the orders, but apprising the Court that he no longer resides in Louisiana, as he now lives in California; and that he is no longer practicing law. He also represented to the Court that he was not receiving the Orders previously issued to Plaintiff, Bryson Johnson, which this Court determined to have some validity, after looking at the record, because the email address on file appears to be the address associated with his prior law firm. Therefore, the Court does not have adequate proof of service as to Evan Williams so as to hold him in contempt.

3

Johnson. *See* R. Doc. 38. GHW produced Johnson's last known contact information as 9607 Copper Harbor Court, Houston, Texas 77095; telephone number 985-774-9332; and email address as bkj985@yahoo.com *See* R. Doc. 39.

Thereafter, on November 8, 2013, the Court issued an Order to Johnson directly, stating that it has been apprised that his counsel of record, Evan Williams, is no longer affiliated with the law firm of GHW and is unable to be located in this district. *See* R. Doc. 40. The Court also ordered that Johnson had to retain additional counsel no later than 30 days from the issuance of said Order, November 8, 2013, or risk "the instant action being dismissed for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41 (b). *Id.* Johnson, again failed to respond to this Order.

Therefore, on December 17, 2013, this Court issued a second Order to Johnson directly stating the same information as the November 8, 2013 Show Cause Order, directing Johnson to obtain additional counsel no later than January 8, 2013, or risk his action being dismissed for failure to prosecute, without further notice. *See* R. Doc. 42. Despite the numerous warnings, Johnson failed to comply with the Court's order.

**II.   Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See, e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531

F.2d 706, 708-09 (5th Cir. 1976).

**III.    Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of an action or of any claim against the defendant, for failure of the plaintiff to prosecute or to comply with these rules or any order of court.  *See* Fed. R. Civ. Proc. 41(b).  While the language of Rule 41(b) technically requires that dismissal be premised upon the motion of the defendant, the Supreme Court has held that the Court is authorized under Rule 41(b) to sua sponte dismiss the plaintiff's claims for failure to prosecute, as long as the plaintiff is first given notice of the Court's intent.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) for proposition that federal courts have the authority to dismiss sua sponte for lack of prosecution based upon its inherent power to manage its own docket so as to achieve the orderly and expeditious disposition of cases).

The record indicates that the Court has been more than lenient with Johnson, who is technically still represented by counsel,[3] in an attempt to proceed forward with this matter. However, this Court cannot allow a continued failure to comply with its orders. Johnson has offered no explanation, and the Court can find none in the record, for the delay in prosecuting these claims. It is Johnson's sole responsibility as the plaintiff in this action to prosecute his claims against the defendants. Johnson has had ample notice and opportunity to do so.  Therefore, dismissal of Johnson's action is proper under Fed. R. Civ. P. 41(b).

---

[3] As indicated by the record, the Court was apprised of Evan Williams', enrolled counsel of record for plaintiff, departure from the legal profession. However, the Court began sending show cause orders to both Johnson personally, as indicated by the attachments to this Report and Recommendation, as well as Evan Williams, through his email address. Neither party responded to the Court's Orders.

F.2d 706, 708-09 (5th Cir. 1976).

**III.    Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of an action or of any claim against the defendant, for failure of the plaintiff to prosecute or to comply with these rules or any order of court.  *See* Fed. R. Civ. Proc. 41(b).  While the language of Rule 41(b) technically requires that dismissal be premised upon the motion of the defendant, the Supreme Court has held that the Court is authorized under Rule 41(b) to sua sponte dismiss the plaintiff's claims for failure to prosecute, as long as the plaintiff is first given notice of the Court's intent.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) for proposition that federal courts have the authority to dismiss sua sponte for lack of prosecution based upon its inherent power to manage its own docket so as to achieve the orderly and expeditious disposition of cases).

The record indicates that the Court has been more than lenient with Johnson, who is technically still represented by counsel,[3] in an attempt to proceed forward with this matter. However, this Court cannot allow a continued failure to comply with its orders. Johnson has offered no explanation, and the Court can find none in the record, for the delay in prosecuting these claims. It is Johnson's sole responsibility as the plaintiff in this action to prosecute his claims against the defendants. Johnson has had ample notice and opportunity to do so.  Therefore, dismissal of Johnson's action is proper under Fed. R. Civ. P. 41(b).

---

[3] As indicated by the record, the Court was apprised of Evan Williams', enrolled counsel of record for plaintiff, departure from the legal profession. However, the Court began sending show cause orders to both Johnson personally, as indicated by the attachments to this Report and Recommendation, as well as Evan Williams, through his email address. Neither party responded to the Court's Orders.

**IV.     Recommendation**

It is **RECOMMENDED** that Plaintiff, Bryson Johnson's claims against Defendants, Rodney J. Strain, Jr., Chuck Smith, an unidentified party, XYZ Insurance Company be **DISMISSED WITH PREJUDICE** for failure to prosecute under Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 30th day of January, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.